NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMAURY LUIS CARRERA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  15-72479 <br><br> Agency No. A206-406-407 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Amaury Luis Carrera, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v.*

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Carrera failed to establish past harm in Mexico that rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (persecution is an "extreme concept" that includes the "infliction of suffering or harm"); *see also INS. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it[.]"). Substantial evidence also supports the agency's determination that Carrera failed to establish that the harm he fears in Mexico would be on account of a protected ground. *See Elias-Zacarias*, 502 U.S. at 483 (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

In addition, the agency did not err in finding that Carrera's proposed social group of was not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Holder*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding "imputed wealthy Americans" returning to Mexico did not constitute a particular social group); *Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) (holding that a "[t]attooed gang member" does not qualify as a member of a particular social group).

Thus, Carrera's asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Carrera failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Carrera's contention that the agency

did not conduct a proper analysis of his claims.

**PETITION FOR REVIEW DENIED.**